UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 6:94CR189-2 |
| | ) | |
| | ) | |
| GEORGE BENNETT | ) | |

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court are multiple *pro se* filings by the Defendant, George Bennett ("Bennett"), that are variously captioned to seek relief for "specific performance" for alleged substantial assistance. (Docs. 248, 250, 251, 256, 259, 260 and 261.) At the court's direction, the Government has filed a response. (Doc. 258.) The matter is now ripe for decision.

Bennett was charged in a nine-count indictment returned in this court on July 26, 1994, charging him with drug and firearm related offenses. (Doc. 1.) On September 30, 1994, a jury convicted him of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846, and carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2. (Doc. 37.) On January 19, 1995, Bennett was sentenced to a term of 250 months imprisonment on the drug charge, to be followed by a sixty-month term of

imprisonment on the firearm charge.  Judgment was entered on February 1, 1995 (Doc. 64), and his conviction and sentence were affirmed on appeal.  United States v. Bennett, No. 95-5089, 70 F.3d 113, 1995 WL 679677 (4th Cir. Nov. 16, 1995) (unpublished), cert. denied, 517 U.S. 1162 (1996).  (Docs. 108, 110.)

On February 4, 1998, Defendant Bennett filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 145.)  The motion was denied on August 24, 1998.  (Docs. 157-58.)  Bennett appealed the dismissal of his section 2255 motion, but his appeal was dismissed on December 16, 1998, for failure to file the informal brief.  (Doc. 162.)  Bennett filed multiple subsequent motions for relief under section 2255.  (See, e.g., Docs. 166, 201, 205, 228, 231, 234, 240).  These were dismissed for failure to obtain authorization from the United States Court of Appeals for the Fourth Circuit.  (See, e.g., Docs. 170, 202, 214, 222, 229, 235, 236, 239, 241, 243.)

The essence of Bennett's current motions is that he claims he assisted Florida state attorney Alecia Garcia ("Garcia") and Detective Jeff Lewis ("Lewis") of the Miami-Dade Police Department Homicide Bureau.  Bennett argues that the United States has "failed to honor the request" of Lewis and Garcia for a sentence reduction in connection with the homicide of Albert Moss.  (Doc. 251.)  Bennett seeks relief under Rules 11(e) and

2

35 of the Federal Rules of Criminal Procedure, as well as United States Sentencing Guideline ("USSG") § 5K1.1.

To the extent Bennett challenges his conviction, his motions (like his many other ones before) shall be construed as motions to vacate, set aside or correct sentence and will be dismissed without prejudice for failure to obtain certification for this section 2255 application by filing a motion for authorization in the United States Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. §§ 2255, 2244, and Fourth Circuit Local Rule 22(d).

To the extent Bennett seeks relief for alleged substantial assistance pursuant to Rule 35 of the Federal Rules of Criminal Procedure and USSG § 5K1.1, he fairs no better. Rule 35(b) provides that where it has been more than a year after the defendant's sentencing, a court may reduce a sentence if the defendant has provided substantial assistance, but only upon the Government's motion. Fed. R. Crim. P. 35(b). The decision whether to file a substantial assistance motion lies solely within the discretion of the Government.[1] See United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000). A court may fashion a remedy for the Government's decision not to file a substantial

---

[1] There is no evidence that the Government obligated itself to move for reduction under any plea agreement, as the record reflects that Bennett forwent any plea agreement and proceeded to trial. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir. 1991).

3

assistance motion only if the Government's decision was based on an unconstitutional motive or was not rationally related to a legitimate governmental objective.  Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994).

In the present case, Bennett alleges in a conclusory fashion that he was discriminated against in not receiving a substantial assistance motion because he is "not from the United States."  (Doc. 260 at 1; see also Doc. 251 at 2.)  Bennett names another inmate who allegedly is from the United States and received a substantial assistance motion, although Bennett provides no other factual information for this conclusory claim. Further, Bennett alleges that he was "told by his own Case Agent Mr. King in 1998 that if he ever learned of the defendant assisting any Government Law Enforcement, he will fly down to where he is giving the assistance and put a stop to it." (Doc. 251 at 2.)  Bennett contends that the Government previously "made up an allegation that Mr. Bennett manufactured the information" to deny him substantial assistance in connection with another case.  (Id.)

"[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing.  Nor would additional but generalized allegations of improper motive."  Wade, 504 U.S. at

4

186.  In order to obtain discovery or an evidentiary hearing, rather, a defendant must make a "substantial threshold showing." Id.; Wallace, 22 F.3d at 87.

Bennett has failed to make such a showing.  The evidence before the court indicates that Bennett was one of several inmates who reported that another federal inmate had confessed to committing a murder in 2001.  The Miami-Dade Police Department re-opened its investigation as a result of the new information, and charges ended up being filed against Damian F. Watson.  While Bennett gave a formal statement to the detective, was deposed by defense counsel, and was scheduled to testify at trial, the State of Florida was forced to dismiss the charges against Mr. Watson because of conflicts in, and lack of, evidence.  Bennett and the other inmates were transferred back to their federal prison, without any promises from the state attorney.  Indeed, the state attorney was candid in indicating that while Bennett and the other inmates "were very willing to talk, be deposed and even testify," "there were issues that prevented [the state] from going forward" and thus no conviction was ever obtained.  (Letter from Garcia, Jan. 10, 2008, Attach. A to Doc. 258.)  A letter from Lewis, which the Government has provided and in which Lewis concludes that he is writing "in an effort to have Mr. Bennett receive assistance in getting a sentence reduction, based upon his assistance in the Albert Moss

5

homicide," reiterates these same points. (Letter from Lewis, Jan. 16, 2008, Attach. B to Doc. 258.)

The Government represents that it has telephonically contacted both Garcia and Lewis, and neither could add any information to that already provided in their correspondence, nor could either provide exactly what inconsistencies led to the murder case being dismissed. (Doc. 258 at 3.) The Government represents that its decision not to file a Rule 35 motion for Bennett was based "primarily on the fact that the case Defendant Bennett was cooperating in (wherein one Darnen F. Watson was charged in Dade County, Florida, with murder) was dismissed on October 1, 2007." (Id.) The Government concludes that, while the reasons for dismissal did not relate to Bennett, in its judgment the information Bennett provided did not substantially assist the Government. (Id. at 3, 5.) The court finds that it lies within the Government's discretion to make such an evaluation whether the information provided results in a meaningful contribution to law enforcement, which is rationally-related to a legitimate governmental interest, and the court finds no evidence of bad faith.

Similarly, Bennett's claims that his "case agent Mr. King" told him in 1998 that if he learned that Bennett was assisting law enforcement he would "put a stop to it" lack merit. While such activity, if true, would not be rationally-related to a

6

Case 6:94-cr-00189-TDS   Document 261   Filed 12/28/09   Page 6 of 8

legitimate governmental objective, there is absolutely no evidence that Bennett's allegation is relevant to his claim for substantial assistance before the court. Both the prosecutor and the detective upon whom Bennett relies concede in their letters that the information Bennett provided was, for whatever reasons, insufficient to support going forward with the case and that ultimately the case was dismissed at the prosecutor's direction.

In short, the court finds no basis to conclude that the Government's refusal to file a motion for substantial assistance under Rule 35(b) is based on an unconstitutional or improper factor. Similarly, the court finds no basis for Bennett's request for assistance of counsel for further argument or an evidentiary hearing. (See Docs. 259, 260.)

IT IS THEREFORE ORDERED that Bennett's "Motion Pursuant to Specific Performance Substantial Assistance Departure" (Doc. 248),[2] "Motion to William L. Osteen, Judge, Requesting the Government to Response to Motion for Specific Performance and the Fileing of the States Request for Rule 35 Motion" (Doc. 250), "Motion to Amend Specific Performance Motion Before the Court File May 2008" (Doc. 251), "Motion to the Court for Summary Judgement Civil Pro 56(c) and or Motion for Status Report on Specific Performance File before this Court, on May

---

[2] All of Bennett's motions are styled as originally captioned.

16-2008 and Nov 25-2008" (Doc. 256), "Response to Government motion for Performance as to the Defendant Substantial Assistance" (Doc. 259), and "Motion to Amend Defendant Response to Government Motion in Opposition for Specific Performance Departure" (Doc. 260), to the extent they challenge his conviction, are construed as attempts to file a second or successive action under 28 U.S.C. § 2255 and shall be DISMISSED due to Bennett's failure to obtain certification from the United States Court of Appeals for the Fourth Circuit as required by 28 U.S.C. §§ 2244 and 2255 and Fourth Circuit Local Rule 22(d); and to the extent these motions seek other relief, they are DENIED.

                                             /s/    Thomas D. Schroeder
                                               United States District Judge

December 28, 2009